Titus *v.* Titus.   .         .

---

RANDOLPH TITUS and others ·

*v.*

HARMON H. TITUS and others.

The orphans court ordered an executor to give security for his trust. From this order he appealed, the next day, to the prerogative court. A sale of the testatrix's personalty had been advertised by him to be made on the latter day, and he was proceeding therewith without having given the security, whereupon, on application of the testatrix's children interested in her estate, an injunction was issued to restrain such sale until after the bond had been given. Afterwards it was given.—*Held*, that since it was the executor's duty to comply with the order or postpone the sale until he had obtained its reversal, he must pay the costs of the injunction suit.

---

Bill for injunction. On final hearing on bill and answer of Harmon H. Titus.

*Mr. J. Schomp*, for complainants.

*Messrs. Bartine & Davis*, for Harmon H. Titus.

THE CHANCELLOR.

The orphans court of the county of Somerset, by their order made on the 20th of November, 1877, after reciting that they had heard the counsel of the respective parties,

Titus *v.* Titus.

and had considered the law and the proofs, and were satisfied that Christopher S. Hoagland, one of the executors of the last will and testament of Jane V. Titus, deceased, was, by reason of physical and mental afflictions and infirmities, then unable to attend to his duties as executor, and that the property belonging to the estate was unsafe in the hands of Harmon H. Titus, the other executor, ordered the latter to give security to the ordinary, by bond, with good and sufficient sureties, in the sum of $2,500, conditioned for the faithful performance by him of his duty as such executor.

The executors had advertised the sale of the household furniture, farming implements, cattle and other personal property of the testatrix, of very considerable value, to take place on the next day after the order was made. Harmon H. Titus proposed to sell the property on the day fixed in the advertisement, without giving bond, notwithstanding the order, and on that day he appealed from the order to the prerogative court. Seeing that he intended to proceed to sell the personal property without giving the bond, the complainants, the children of the testatrix, and interested in her estate under the will, filed their bill to restrain the executors from selling until after the bond should have been given. The injunction was granted. Harmon H. Titus answered the bill. The other executor did not. The bond was given on the 10th of December, 1877. The only question now involved is the question of costs.

It will be observed, that the order was made on the 20th of November, the day before the sale was to take place, according to advertisement. It is admitted by the answer, that Harmon H. Titus intended to proceed to sell on the 21st, without previously giving the bond. He could only be prevented from so doing by injunction out of this court. It was his duty, in view of the requirement of the order of the orphan's court, to refrain from proceeding to sell until he had given bond, or had obtained a reversal of the order by means of an appeal. He must pay the costs of this suit.